Good morning, Your Honors. May it please the Court, my name is Veronica Manolio. I represent the appellant, Felisa Tunac. As I see it, Your Honors, we're here for three separate sort of distinct reasons. Number one was that the government filed a motion to strike, which I believe this Court ordered we needed to address today. We have a jurisdictional issue that the Court asked us to supplementally brief, I'd like to touch on, and then I would like to also address the substance of the statute of limitations issue. If it would please the Court, I would like to rebut two minutes of or reserve two minutes for rebuttal. Let me start with what I think is the easiest question, and that is that the motion to strike filed by the government seeking to strike our excerpt of the record that provided this Court with the OIG report from August of 2014. I think it's a very clear indication this Court is always entitled to take public notice or judicial notice of public records. I think there's also a very clear indication that the district court looked to the substance of the reports that we pled and integrated into our first amended complaint. I recognize there was a complaint and a first amended complaint. The first amended complaint did nothing but change the defendant party to the United States, so both in the original complaint and the amended complaint. The OIG reports were discussed. Now, I can see that the Court did not do a heavy analysis of the reports, but they clearly were integrated into the record. I don't think that there's any validity to the motion to strike. Moving on to the jurisdictional issue, I think that one might be equally important, if not more important, than the actual substantive case here on the statute of limitations. And that is that we need a bright-line rule in this Ninth Circuit as to what claims fall under the FTCA and which cases are not, but are truly benefits claims. And I think this case very clearly falls into a medical malpractice claim and is not barred or there would not be exclusive jurisdiction in the Veterans Court. Kagan, let me ask you about this bright-line, because I agree that a bright-line would be useful. In your supplemental brief on jurisdiction, you suggest that the test should be whether its actual decisions about entitlements to benefits or adjudication of benefits is the only thing that should be subject to, I guess, the 511 line of. How do you square that with veterans for common sense, which is hard to read, but it does seem to indicate that delays, systemic delays or claims of systemic delays are also covered by 511. So help me with that. Sure. And I think that I'd like to be able to square veterans for common sense, because I don't think anyone could, even veterans for common sense was inherently inconsistent. What I do think that veterans for common sense did differently than our case is, it was looking at a widespread systemic delay for multiple veterans. And those claims were being attacked on whether or not the delay of adjudication of benefits was at issue. The issue here is, in our case ---- I didn't see that in ECS. I mean, it seemed there were class action claims, not about adjudication of benefits, but of delay where the benefits were given. You know, there was no dispute over benefits, but there was a delay in provision of the mental health services. Understood. I still think, Your Honor, that the distinction here is the ---- when you are looking at a widespread or systemic issue for an entire class of people, and you're talking about are these people's benefits being administered timely, that is distinct from medical malpractice, because we're not just talking about a systemic delay of timeliness, but also once you cross the timeliness threshold, is the right type of treatment being provided. The reason I think veterans for common sense is not the great, bright-line rule that we need in this jurisdiction is it doesn't go far enough. It sort of dances and says, well, every time you have a medical malpractice issue, at some level, we're going to address veterans' benefits. Well, that's a true statement. But if that were the rule that because there's a crossover, we would never get to a medical malpractice case for any veteran. You would never, because they're always going to be intertwined. So, so, VCS seems to preserve medical malpractice, just doesn't tell us what that means. I agree with you. And that's the ---- And so, so would you seem to define in your supplemental briefing as everything up, unless it's a precise adjudication of benefits, which doesn't seem to square. So maybe you're now suggesting maybe that there's a different line that should be drawn. Look, here's the problem, and I'm assuming this is why there hasn't been a bright-line rule addressing this issue so far, is because every time a bright-line is created by any district across the country, they then go, oh, well, that sounds a little odd, it doesn't quite work. But the bright-line rule to me should be adjudication of a veteran benefit. Do you get it or do you not clearly falls within the Veterans Court. Once you have entitlement to a benefit, if the issue is not based on the benefit itself, but whether or not proper care was rendered, it crosses a line into a medical malpractice action. The bright-line has to be if medical malpractice is the prevailing claim, if it's the main component of your claim, the claim sounds in medical malpractice. Now, in our case, and I'm sure I pled this very distinctly, one of the things that's so troubling here is that the Federal Government told my client, your claim falls under the FTCA. They gave her a specific directive to file in Federal Court, not in the Veterans Court. Whether there's a bright-line rule announcing exactly what I think the bright-line rule should be, the bright-line should be if the general counsel for the Veterans Administration tells you file in court, you get to file in court. You can't have general counsel. Again, this is not an administrative personnel. Ginsburg-McGillivray-Ford That would be sort of an equitable estoppel type argument. O'ConnellAgreed. But I think that as part of this Court's distinction and this Court's ruling, it should make a rule that says you don't get to trick veterans. You don't get to trick veterans. Roberts-Gillis So what was the basis of your complaint for medical malpractice? O'ConnellA The basis of the complaint, thank you, is based on its twofold. Number one, that the VA in Phoenix failed to timely render care to my client's husband. More importantly, the failure to render care and the untimeliness was hidden, intentionally hidden by the members of the VA. That included doctors and medical staff all the way down to administrative personnel, who for several years were going through this, what we call a very, very secretive process of fudging records so that the officer of the inspector general and the VA itself wouldn't know what was going on. Ginsburg-McGillivray-Ford Well, that goes more to the statute of limitations. O'ConnellA Sure.  Ginsburg-McGillivray-Ford Yes. What is the medical malpractice that you're alleging in the complaint? O'ConnellA Untimely care and untimely continuation of care. Ginsburg-McGillivray-Ford And untimely care, what do you mean by untimely care? How did you allege that in the complaint? O'ConnellA My client goes in in August of 2009 with a recommendation from his cardiologist that says, I need to have kidney treatment. And the VA says, we agree, no problem. You get set out until October or November before we can even see you. By the time he goes in in October and November for his first appointment, they set him out for another two months for a biopsy. He has a biopsy. Ginsburg-McGillivray-Ford Is that a, are you alleging that that's a breach of the duty of care? O'ConnellA It absolutely is. Ginsburg-McGillivray-Ford Under the circumstances here? O'ConnellA It is. And I will tell you, 100% candor, if that's where my client passed away, I think my claims would be untimely. Because if it were solely limited to the fact that he didn't get initial care, it would be, you knew then he didn't get initial care. The problem was, they gave my client a biopsy on December 2nd, and they know, you are in end stage.  And they still set out his treatment for another month down the road. But they mislead him, and this is why we're here on a fact question. They mislead him and his wife into thinking those are normal delays. I know I'm running out of time, but the other thing is that they immediately should have done what for him? They should have triaged him and put him ahead of other patients who had less timely needs, and or should have said, we cannot render this care timely enough, the failure may cause you death, you need to go outside the system and get help. That's where the failure lies, is that there's not a good mechanism in place for how you treat veterans when they need to be triaged. And at least if there is, it wasn't exercised in this case. Kagan It doesn't matter if the decision is made by a medical professional or it's an administrative decision. O'ConnellA And it may matter. And that is exactly my point as why in this case, this shouldn't have been kicked on a motion to dismiss. Because we may learn in discovery that it was just a front office clerk who made that decision. Then the medical malpractice happens because the person who's the doctor in the back doesn't walk to the front and say to the person making appointments, this is triage, or put it on the notes, or make sure you are telling people this patient needs immediate care. But on a motion to dismiss, there were ample facts pled that said, this is an the issue of discovery has to be done by a factual analysis. Kagan So under the Iqbal standard, did you allege enough facts to say it was a medical decision? O'ConnellA Absolutely. I believe we did. We did not just talk about or complain about systemic delays. It was there were systemic delays, but in this case, it goes a step further. And the standard of care that was breached in this case is twofold. The medical malpractice is not just did you give the right care, but did you give the right care timely enough? If my client had a brain tumor, the doctor could have suggested you need to extract that tumor. But if he didn't say the timeliness counts, that's where this case falls in. The standard of care combines timeliness with the type of treatment that was provided. RobertsonOkay. O'ConnellA Thank you. RobertsonI'll give you a minute for rebuttal. O'ConnellAI appreciate that. Thanks. Smart on behalf of the United States. This appeal is actually about what Ms. Tunack knew and when she knew it. The undisputed facts are she knew when her husband passed away in December of 2009. She knew the timing of his appointments and she knew what he passed away from. It's undisputed that she knew all of those things by early January. GinsburgSo that goes to the statute of limitations issue, I take it. Can you address the jurisdictional issue and where the line is drawn between medical malpractice and, I guess, administrative benefits decisions? O'ConnellAbsolutely, Judge. As you saw in our briefing, I believe the proper line, if you look at what Veterans for Common Sense held, is when there is a medical decision at play to delay the treatment. Then that would be a malpractice claim. GinsburgVersus an administrative delay. So do you think VCS said that administrative decisions that result in delay of provision of benefits is covered by 511? O'ConnellI think what Veterans for Common Sense held, there were a lot of issues being looked at in Veterans for Common Sense. The pertinent one was the claim that veterans were getting, and I think you have to read the district court opinion as well in conjunction with it. What was happening as part of the claims in that case were veterans were coming in for initial appointments, general practitioner appointments, and it was determined they needed mental health care treatment. KaganSo they had been awarded benefits. There wasn't a dispute over whether they were entitled to that benefit. O'ConnellExactly. Some of those veterans had actually been determined they needed a mental health appointment. They just couldn't get one for a significant period of time. And you'll note, I think the Court, this Court charged the VA about that, but acknowledges this is a systemic issue and is not something that's appropriate for this Court to address because of Section 511, and that's something that more administratively should be addressed or in the Veterans Court if there's an entitlement to a sooner appointment. KaganSo the bright line falls between the administrative decision versus a medical decision? O'ConnellExactly. And I think I tried to illustrate what would be an administrative issue would be using the dialysis example, which I think we've heard in this case, because that's one of the treatments that plaintiff has alleged is needed. So if a patient goes into the VA and is seen by a doctor, and they say, okay, we have your biopsy results, you're going to need dialysis, we have 20 dialysis seats, those are full for the next month. The fact that they don't get the treatment for a month is not a medical malpractice issue. They've been told what treatment they need. It's a systemic issue. KennedyBut if the standard of care is, given the patient's condition, you need dialysis treatment today. O'ConnellWell, if there's a issue KennedyFailure to get it to them, why isn't that, and just to put them off, why isn't that a breach of the standard of care? O'ConnellWell, if they're sitting there, say they show up in the emergency room, and I think there have been cases where people show up for emergent care, and the VA says, no, no, we can't treat you right now. That's a different question. The question is, if you get the biopsy results back, and you say you need this. Now, I will KennedyOne of their allegations here is failing to schedule Randy for immediate dialysis after the results of the kidney biopsy. O'ConnellIf the contention is that the doctor who got the biopsy results, in the communication with Mr. Tunat, said, we got your biopsy results. You need to have dialysis, and says, I need you to start it today, and then he doesn't go in. Or he says, you don't need to start this for three weeks, but you really need to start it that day. That is a medical malpractice issue. KennedyDoes the doctor have a duty of care to ensure that the patient gets timely treatment? In other words, the doctor says, you need it tomorrow, but then doesn't go try to make clear the way through the administrative tickets. What's the doctor's duty of care in that context? O'ConnellWell, I think there's a complication for that, because one of the limitations of Veterans for Common Sense, if you start looking at the individual veterans who are in need of dialysis, and start having to weigh their cases, who's entitled to have their dialysis when, you get into the issues that Section 511 says don't touch. And that's the problem. GinsburgBut at some level, you would agree that it is a medical decision, isn't it? O'ConnellI would agree that it's a medical decision if the doctor would say, you need to start dialysis right away. They, as Plaintiff has alleged, if the doctor were to say, we can't fit you in, you should go somewhere else, as a we we, if it's an emergency, I think that would be an acceptable meeting of the standard of care. If they say, well, you need dialysis, but I don't really know when you need to start it, or just see when you can get in, no problem, that would possibly be a breach of the standard of care. But that's not the issue we're dealing with. What the Court has said below, and I believe the Court below did a fair job of coming up with this distinction, that a medical decision is malpractice. If it's a systemic delay or an administrative issue, that's not malpractice, and it's barred by Section 511. KennedyBut those are hard to distinguish. I mean, they're some of each, and I mean, it's not so easy to distinguish a medical decision from a systemic decision. That's correct. And what we've said in our briefing, and I think this pivots to the statute of limitations, is that it appears that the Court did interpret there to be some medical decisions in play in this case. And so was there enough in the complaint? I mean, you said in your briefing, well, the district court interpreted it, the complaint generously, but we don't interpret complaints generously. We don't defer to district courts' interpretation of complaints. We go under the Iqbal standard, and whether there were enough facts that were plausibly raised, I guess, on your theory of medical malpractice claim, and were there? I believe when you consider the complaint and the SF-95 that were filed together, all of the allegations are that there were just not appointments soon enough for the patient. But as the cases progressed, the arguments have seemed to evolve that the VA should have offered emergency care or should have. So there's a complaint, failing to schedule Randy for immediate dialysis. Right, failed to schedule. But you can interpret that to be that they had a, that they knew he was. She could have just failed to provide. But that's a different question. My example to you is if there's no room for scheduling, then I think the allegation should be, well, if there was no room for scheduling, they should have told him he needed to go to another hospital or to an emergency room or to urgent care. That's a different question of whether or not there was a breach of the standard of care. Well, I think the standard of care is what would be required, and the requirement would be for that. Well, but we don't know. I mean, I have no idea what the standard of care would be in the medical profession in providing dialysis. I have no idea. But I think the issue is, if it's an administrative issue, a systemic delay issue, just unavailable appointments, Section 511 bars that. You rely on VCS for that proposition. Yes. And so are you saying now, contrary to your briefing, that under the Iqbal standard, the complaint doesn't raise a medical or doesn't plausibly allege a medical malpractice claim? Well, I think the paragraph that Judge Pius pointed to at least could be interpreted to say that a doctor should have noted it needed to be done immediately. And I think at this stage, that may be enough to get past that. But the thing is, you can pivot to the statute of limitations here, because even if you assume that there's jurisdiction over that portion of the claim, I think some of the claims plaintiff has asserted is just generally that there were delays. So there's not anything that was left that may survive. She's trying to tell a story, and in telling her story, she raises systemic. Exactly. Talks about systemic issues. But couldn't every systemic claim be pled in that ambiguous way? So in other words, in VCS, all you would have to say is the doctor had a responsibility to get me quicker mental health service, and then VCS would have been wrong. We decide. Well, I don't think that's correct. I think if it's phrased that way, the question would be, what obligation did the doctor have to notify they needed it right away, but we can't get you in? I think you should go to an emergency room. That's a common. So the veteran, a veteran is the class representative, says that no attempt was made to give me the mental health treatment I needed, I desperately needed, and I committed the, my husband committed suicide. I mean, and you have a class of those people, and so that would get around the VCS rule, right? I don't think so, because if they're saying no attempt was made to give us the care we needed, they gave them an appointment, they couldn't give them a sooner one. Isn't that negligence? Isn't that exactly what's being claimed here? No, if they don't. They gave, they didn't, they couldn't give him a quick enough appointment to provide him the services he needed. Right, and that's not negligence if you don't have the ability to do it from an administrative standpoint. How can that be negligence when it's appointments or benefits? So how do we know that this is, because it's talking about scheduling. So what makes this medical malpractice a nod if I reframe the complaint in VCS? I think it's simply the allegation that the doctor who saw Mr. Tunack, I think she said it in her briefing that, well, if they couldn't get, if they couldn't get you in, they needed to tell you to go somewhere else. I don't think that's actually what was pled in the complaint. What was pled in the complaint issues. Well, we're looking, this is a motion to dismiss, so we're looking at the complaint, right? No, and I agree with that. I think that the issue here is that there isn't an allegation that if you didn't have appointments, you should have told me I need to go to an emergency somewhere else. The allegation is you should have gotten me in sooner for treatment. And I don't think that survives. That's why we disagree with the way the Court interpreted it. But in the complaint and allegations, I thought it was at least a reasonably plausible interpretation that there was something there. But I don't think the allegation that Judge Pius pointed to says you should have told me it was an emergency and I need to go somewhere else. It says, VA, you did not get me in soon enough for an appointment. Okay. Thank you, Your Honor. Thank you. Judges, I know my time is brief, so I'll make this as quick as possible. We need a bright-line rule in the Ninth Circuit. Jurisdiction, if it's a benefits issue and a benefits analysis, even a systemic delay, it clearly falls under the Veterans Court. When you have a case that has specific allegations about doctor's misconduct, like in this case and like in the example you gave, I personally or my husband personally couldn't get an appointment that led to his death, that intertwines a benefits analysis with a medical malpractice. When you have specific allegations of medical malpractice, you have to be able to file in Federal court. It is more important that this court be able to distinguish. Once a veteran's decision has already been made that this person is entitled to benefits, but the failure to administer those benefits created a malpractice case, it should be filed in court and not excluded by 511. The last issue I want to hit very briefly is the reason this case is not barred by the statute of limitations is because the standard of care intertwines a timeliness issue with a failure to timely get care for this gentleman who died after serving our country. Thank you. Roberts. Thank you, counsel. Thank you, counsel. We appreciate your arguments. Interesting case. Okay. That ends our session for today and for the week. All rise. This court, with this session, stands adjourned.
judges: Paez, Ikuta, Adelman